Robert C. Moest, Of Counsel, SBN 62166
**THE BROWN LAW FIRM, P.C.**
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: RMoest@aol.com

*Counsel for Plaintiff Richard Moore*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MOORE, derivatively on behalf of VERB TECHNOLOGY COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RORY J. CUTAIA, JEFF CLAYBORNE, and JAMES P. GEISKOPF, <br><br> Defendants, <br><br> and <br><br> VERB TECHNOLOGY COMPANY, INC., <br><br> Nominal Defendant. | Case No.: CV 19-8393-GW-MAAx <br><br> **ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, the parties to the above-captioned shareholder derivative action (the "Derivative Action") have made an application for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated January 29, 2021 (the

"Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Derivative Action; and (ii) approving the form and content of the Notice to Current Verb Stockholders, substantially in the form of Exhibit B attached to the Stipulation ("Notice");

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Parties have consented to the entry of this Preliminary Approval Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action.

2. A hearing shall be held before this Court (the "Settlement Hearing") on April 29, 2021 at 8:30 a.m.,[1] before the Honorable George H. Wu, at the United States District Court for the Central District of California, Courtroom 9D, located at the United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, to determine: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to Verb and Current Verb Stockholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Derivative Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiff's Counsel's

---

[1] The Parties respectfully request that the Settlement Hearing be scheduled at least forty-five (45) days after the deadline for providing notice of the proposed Settlement to Current Verb Stockholders.

Fee and Expense Amount and Plaintiff's Service Award should be finally approved. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3. The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that disseminating the notice of the proposed Settlement substantially in the manner and form set forth in this Order through filing the Notice and Stipulation with the SEC, posting the Notice and Stipulation on an internet page Verb shall create for this purpose, and publishing a press release on *GlobeNewswire* notifying stockholders of the Settlement and providing a link to the internet page where the Stipulation and Notice can be found, meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Verb Stockholders and all other Persons entitled thereto.

4. Within ten (10) business days after entry of this Order, Verb shall cause the Notice and Stipulation to be filed with the SEC through an SEC Form 8-K, Verb shall post, and maintain the posting through the date of the Settlement Hearing, the Notice and Stipulation on an internet page that Verb shall create for this purpose, and the Notice shall provide a link to that internet page. Also within ten (10) business days after entry of this Order, Verb shall publish a press release on *GlobeNewswire* notifying stockholders of the Settlement and providing a link to the internet page where the Stipulation and Notice can be found.

5. All costs incurred in providing the notice of the Settlement shall be paid by Verb, and Verb shall undertake all administrative responsibility giving notice of the Settlement to Current Verb Stockholders in the manner set forth in this Order.

6. All papers in support of the Settlement and the Fee and Expense Amount, including any Service Award, shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing, and any reply

papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

7. Any Current Verb Stockholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee and Expense Amount and the Service Award should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current Verb Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Amount and the Service Award, unless that stockholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of Verb common stock as of the date of the Stipulation, including the number of shares of Verb common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three (3) years; and (2) if a Current Verb Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current Verb Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder

files with the Court (either by hand delivery or by first class mail), such that they are received at least fourteen (14) calendar days prior to the Settlement Hearing, upon each of the following:

<div style="display:flex;">

Timothy Brown
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, NY 11771
*Counsel for Plaintiff*

Catherine E. Moreno
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
*Counsel for Defendants*

</div>

Any Current Verb Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Amount and the Service Award, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Derivative Action with prejudice, and any and all of the releases set forth in the Stipulation.

8. At least ten (10) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the dissemination of the notice of the Settlement pursuant to the terms of this Order.

9. All Current Verb Stockholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current Verb Stockholders.

10. All proceedings in the Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over this Derivative Action to consider all further matters arising out of or connected with the Settlement.

11. Pending final determination of whether the Settlement should be approved, neither Plaintiff, Plaintiff's Counsel, nor any Current Verb Stockholders or other Persons, derivatively on behalf of Verb, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

12. The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil,

criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any way against Plaintiff or Plaintiff's Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiff's claims are without merit or that Plaintiff would not have been able to prevail on his claims at trial.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that, if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Derivative Action will revert to their status as of the date immediately preceding the date of the Stipulation.

15. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Verb Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may decide to hold the Settlement Hearing telephonically or via videoconference without further notice to Current Verb Stockholders. Any Current Verb Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar or Verb's website, http://www.verb.tech, for any change in date, time or format of the

Settlement Hearing.  The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Verb Stockholders.

  IT IS SO ORDERED.

DATED: March 2, 2021

_____
HONORABLE GEORGE H. WU
U.S. DISTRICT JUDGE